UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNELL BONDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV250 CEJ |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 11970), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.20. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $26.00, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.20, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the court must engage in a two-step inquiry. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at St. Louis County Justice Center, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as the defendants in this action are the City of St. Louis and the "St. Louis City Police Dept. (official capacity)."

Plaintiff alleges that St. Louis City police officers used excessive force in attempting to arrest him. In the complaint, plaintiff describes the events surrounding the encounter with the police and alleges that he did not resist arrest. Plaintiff alleges that he experienced convulsions and sustained injuries to his head as a result of the police officers' conduct. He seeks both monetary and injunctive relief, including removal of the officers from the police force.

## Discussion

The complaint is frivolous against the St. Louis City Police Department because police departments are not suable entities under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992).

An assertion of "official capacity" does not save plaintiff's claims against defendants. "Policy or custom official-capacity liability is imposed under 42 U.S.C. § 1983 only for 'constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official

decisionmaking channels."[1]  Grayson v. Ross, 454 F.3d  802. 811 (8th Cir. 2006) (quoting Monell v. Dep't Of Soc. Serv. of City of New York, 436 U.S. 658, 690-91 (1978)); Tilson v. Forest City Police Dept., 28 F.3d  803, 807 (8th Cir. 1994) (policy or custom analysis applies to police departments); but see Ketchum, 974 F.2d at 82 (police departments are not suable entities because they are subdivision of city government). "[O]fficial capacity liability must be based on deliberate indifference or tacit authorization."  Grayson, 454 F.3d at 811.

Plaintiff does not allege that the constitutional deprivations he suffered were the result of a policy or custom of the City of St. Louis.  Indeed, plaintiff does not allege that either defendant was responsible for the alleged violations of his rights. For these reasons, the complaint fails to state a claim upon which relief can be granted.

---

[1]The Eighth Circuit has declared that a "policy" and a "custom" are not synonymous. A "policy" is an official policy, a deliberate choice of a guiding principal or procedure made by the municipal official who has final authority regarding such matters. A "custom" is a persistent widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization. Mettler v Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). The elements of a cause of action pursued under the "custom" theory are: (1) the existence of a continuing widespread persistent pattern of unconstitutional misconduct by the governmental entities employees, (2) deliberate indifference to or tacit authorization of such conduct by the governmental entities policy making officials after notice to the officials of that misconduct; and (3) the plaintiff's injury by acts pursuant to the governmental entities custom, *i.e.* proof that the custom was the moving force behind the constitutional violation. Id.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.20 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of March, 2013.

                                                  */s/ Carol E. Jackson*
                                                  CAROL E. JACKSON
                                                  UNITED STATES DISTRICT JUDGE